■ In the Matter of THOMAS ZARELLA et al., Petitioners, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Respondents.—Determinations dated March 15, 1976 and January 30, 1979, finding that petitioners, employees of the Department of Sanitation of the City of New York, had engaged in an unlawful strike in violation of the Taylor Law (Civil Service Law, § 210) on July 1, 1975, and on July 2, 1975, are unanimously modified, on the law, to the extent that so much thereof, as related to the charge against petitioner Boyle for his activities on July 2, 1975, is annulled and a hearing is directed as to that charge, and the monetary penalty against petitioner Boyle is reduced accordingly; and the determinations are otherwise confirmed, without costs. Section 210 (subd 2, par [b]) of the Civil Service Law provides: "an employee who is absent from work without permission, òr who abstains wholly or in part from the full performance of his duties in his normal manner without permission, on the date or dates when a strike occurs, shall be presumed to have engaged in such strike on such date or dates." The presumption is of course rebuttable. Petitioners attempted to rebut the presumption by testifying before the hearing officer that they reported to work but were threatened by strikers and were told by their supervisors to leave. Petitioners had previously filed affidavits in accordance with the statute. These affidavits were in some respects inconsistent with their oral testimony. Evidence to some extent inconsistent with petitioners' was introduced by the city, both by oral testimony with respect to July 1, 1975, and certain documentary evidence. As usual, the hearing officer had to decide whether and to what extent she believed the testimony of particular witnesses, including petitioners. The hearing officer resolved the issue of credibility against petitioners, saying in each case: "I do not credit objectant's testimony that superior officers told him to sign out and go home in the middle of his shift." We note that by statute, at a hearing the "employee shall bear the burden of proof." (Civil Service Law, § 210, subd 2, par [h].) The hearing officer did not accept petitioners' testimony. We cannot say that the resolution of the issue of credibility by the hearing officer, and her determination that petitioners had failed to rebut the statutory presumption and sustain their burden of proof, are so unsupported by substantial evidence that we can reject them. Petitioner Boyle presented an affidavit stating that on July 2, 1975, he telephoned his location to find out if he should report to work and was told that the plant was not operating, and he, therefore, did not report on July 2, 1975. Nevertheless, he was told, with

respect to July 2, 1975, that he had failed to establish that he had not violated section 210 of the Civil Service Law, and, therefore, his objection was dismissed; he was not afforded a hearing as to the events of July 2, 1975. In our view, this affidavit "raises a question of fact which, if resolved in favor of the employee, would establish that the employee did not violate this subdivision". (Civil Service Law, § 210, subd 2, par [h].) Therefore, respondents were required to appoint a hearing officer to determine whether petitioner Boyle violated the statute on July 2, 1975. The article 78 proceeding was instituted more than four months after the determination that petitioner Boyle had failed to establish that he had not violated section 210 of the Civil Service Law as to his activities on July 2, 1975 (see CPLR 217); but this defense was not pleaded in respondents' answer. Concur—Fein, J. P., Sandler, Sullivan, Silverman and Carro, JJ.