■ In the Matter of JAMES SMITH et al., Petitioners, v CLARK O. BLOOM, Individually and as Superintendent of Schools of the Ellenville Central School District, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of respondent that petitioners had participated in a strike, thereby violating subdivision 1 of section 210 of the Civil Service Law. Petitioners are custodians employed by the Ellenville Central School District. On April 4, 1979, all six custodians assigned to the day shift failed to report for work. Petitioners and three other custodians[*] were notified by superintendent Bloom that he had determined that these failures to report to work on Wednesday, April 4, constituted a strike in violation of subdivision 1 of section 210 of the Civil Service Law. Petitioners filed timely objections to the determination pursuant to section 210 (subd 2, par [h]) of the Civil Service Law contending that each had been ill on April 4 and unable to work. A hearing was granted to them. Thereafter, the superintendent appointed Dr. Cary E. Wood, assistant superintendent, as hearing officer to determine whether, in fact, the absent employees had violated the Civil Service Law. A hearing was held on May 25. Dr. Wood found that petitioners had each engaged in a strike on April 4 and that the other three custodians were legitimately absent due to illness. On July 6, two days' pay was deducted from each petitioner's paycheck. In this proceeding, petitioners alleged that the determination of respondent is not supported by substantial evidence as required by CPLR 7803 (subd 4). All three petitioners testified that they suffered from a number of maladies on the day in question which made it impossible for them to work. Mr. Davis was afflicted with a toothache, Mr. Gray with nausea and dysentery, and Mr. Smith with a stomach virus. None sought medical attention. They each called the school and, in conformity with prior practice, left notice with whomever answered that they were ill. No actual permission was secured to be absent from anyone in authority. Each denied that his absence was an intentional work stoppage. The hearing officer determined that the three petitioners failed to meet their burden of proof and found that they had, in fact, participated in a strike. Petitioners contend that the record is devoid of substantial evidence to support the determination of the hearing officer. The burden of proof rested with petitioners in the hearing. Subdivision 2 of section 210 of the Civil Service Law creates a statutory presumption that a strike occurred. This presumption must then be overcome by petitioners by substantial evidence *(Matter of Zarella v Koch,* 74 AD2d 749).

---

[*] Also notified were Walter Bennett, Dale Brockman and Ernest Faust.

The record discloses that the large number of absences of members of the custodial staff on April 4 was unprecedented. An employee indicated that one of the custodians, Mr. Bennett, told him that all the custodians had agreed by preagreement to stay out on April 4. Finally, petitioners' claims of illness were based on their own testimony, unsupported by any other evidence. It is clear that the hearing officer did not believe petitioners and rejected their claims of illness. The question of credibility is one for the hearing officer to resolve. We conclude that the determination of the hearing officer is supported by substantial evidence. We find petitioners' other arguments to be without merit. Determination confirmed, and petition dismissed, without costs. Main, J.P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.